## Phoebe Mathews v. Elmer Granger.

1. CHATTEL MORTGAGE—*What is a Breach of the Condition.*—A chattel mortgage provided that until default, it should be lawful for the mortgagor to retain possession of the goods and chattels, but if the said mortgagor, upon any pretense, should attempt to carry off, conceal, make way with, sell, or in any manner dispose of the same, or any part thereof, without the authority of the mortgagee, in writing expressed, then it should be lawful for the mortgagee to take possession of said goods and chattels, etc. The mortgagor consumed and disposed of such parts of the crops (corn, oats and hay) mortgaged, as was necessary to feed his stock. *It was held* to be such a breach of the condition as authorized the mortgagee to take possession of the property.

Replevin.—Appeal from the Circuit Court of Mercer County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

J. H. CONNELL and THOMASON & CUMMINS, attorneys for appellant.

WILLSON & CHURCH, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action of replevin in the Circuit Court by appellee, to recover the possession of some corn, oats, straw, hay, potatoes, a horse and heifer, taken from him by appellant, under a chattel mortgage executed by him to appellant.

Appellee leased from appellant a farm of 145 acres, from March, 1, 1894, to March 1, 1895, agreeing, by the terms of the written lease executed, to pay as rent $2.50 per acre for the pasture land, one-half the corn to be raised, two-fifths of the oats, one-half the hay and straw, to trim the hedge, keep the fence in repair, haul manure which should accumulate, and do various acts with reference to keeping trespassers off the place, and looking after the farm. He took possession prior to the first of March, 1894, and cultivated the farm for the season.

On the 19th of May, 1894, appellee, to secure the rent, executed and delivered to appellant a chattel mortgage on his part of the growing crops, a horse and a heifer. One of the conditions of the mortgage reads as follows:

" Also provided that until default be made by the said mortgagor in the performance of the conditions of said lease it shall and may be lawful for him as tenant to retain the possession of the said goods and chattels, and to use and enjoy the same; but if the same, or any part thereof, shall be attached or claimed by any other person or persons, at any time before payment, or the said mortgagor, or any person or persons whatever, upon any pretense, shall attempt to carry off, conceal, make way with, sell, or in any manner dispose of the same, or any part thereof, without the authority or permission of the said mortgagee, or her heirs, executors, administrators or assigns, in writing expressed; then it shall and may be lawful for the said mortgagee or her agent, or attorney, or her heirs, etc., to take possession of said goods and chattels, by entering upon any premises wherever the same may be, etc. And if the moneys hereby secured, or the matters to be done and performed as above specified, are not duly paid, done or performed at the time, and according to the conditions above set forth, then said mortgagee or her agent or attorney, her heirs, etc., may by virtue thereof, and without any suit or process, immediately enter and take possession of the said goods and chattels, and sell or dispose of the same at private or public sale," etc.

During the summer and fall appellee began consuming and disposing of portions of the crops. On the 8th of October, upon the ground that the foregoing conditions of the chattel mortgage had been broken, appellant took possession of the property embraced in it. This suit followed, resulting in a verdict and judgment in favor of appellee for the property, and one cent damages.

Appellee did not deny upon the trial that he had consumed and disposed of parts of the corn, oats, hay and potatoes, but claimed that he had sold but one peck of potatoes.

and had only consumed and disposed of such parts of the corn, oats and hay as was necessary to feed his stock, and that he intended to take such as he used into account when he came to make a division with appellant.

The testimony introduced upon the part of appellant tended to show that appellee was attempting to sell and dispose of the crops to a greater extent than that claimed by him.

The court entertained the view that the feeding of the corn, oats and hay by appellee to his stock did not violate the condition of the mortgage above quoted. He gave the following instruction:

" The plaintiff had the right, under the mortgage, to the possession and use of the property described in it, until some one or more of the conditions contained in it was broken. And if in any use of the property or any part of it, for which it was adapted by nature, it became consumed in its legitimate use, then the fact of its consumption is not a breach of the terms of the mortgage which entitled the defendant to take possession of the mortgaged property. And on this issue you will find for the plaintiff. But the plaintiff had no right to sell it, or any part of it. And if you believe from a preponderance of the evidence that he did sell any of the mortgaged property before the 8th of October, 1894, without the written permission of the defendant, then the taking and detention by the defendant was legal and your verdict should be for the defendant."

The safety clause of the mortgage provided that if the mortgagor, or any person or persons whatever, upon any pretense, should attempt to carry off, conceal, make way with, sell, or in any manner dispose of the mortgaged property, or any part thereof, without permission of the mortgagee in writing, the mortgagee could take possession. The clause will bear no such construction as that placed upon it by the above instruction.

The parties did not agree that in any use of the crops or any part of it, for which it was adapted by nature, it could be consumed, and that such consumption would not constitute a breach of the terms of the mortgage.

Courts can neither make contracts for parties, nor place such a construction on those made as will do violence to the plain terms of the written instrument employed.

If in this case appellee could feed and consume the products of the farm without violating the safety clause of the mortgage, appellant's security would depend largely upon the amount of stock owned by him, and the size of his family.

We are satisfied from the evidence that there was such violation of the safety clause on the part of appellee that appellant was justified in taking possession of the property mortgaged, and that the verdict was wrong.

Reversed and remanded.