## Mary Hopkins v. Oswald P. Wood.

1. PLEAS—*Traversing a Distress Warrant.*—A plea traversing a distress warrant is not strictly a plea in abatement, but a traverse merely of the warrant.

2. DISTRESS WARRANT—*Evidence Showing Justification for the Warrant Admissible.*—Under a distress warrant issued for the reason that said tenant is about to remove from the demised premises such part or portion of the crops raised thereon as will endanger the lien of the

landlord for his rent, evidence tending to show that appellee was feeding or about to feed the crops grown on the premises, to his stock, to such an extent as to endanger the lien, is admissible as a justification for issuing the warrant.

3.  RENT—*What Is a Removal of Crops.*—Feeding crops to stock so as to place them beyond the reach of the landlord's lien for rent is a removal within the spirit and meaning of the act in relation to landlord and tenant (Laws 1877, 129).

**Distress for Rent.**—Appeal from the County Court of DeKalb County; the Hon. WILLIAM L. POND, Judge, presiding. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed December 14, 1898.

J. E. MATTESON and J. S. ORR, attorneys for appellant; W. C. KELLUM, of counsel.

A. G. KENNEDY and RANDALL CASSAM, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a proceeding in distress for rent. Appellant was landlord of appellee, and on August 24, 1897, issued her distress warrant against appellee, directed to W. H. Lawrence, a constable, commanding him to distrain for rent due in the sum of $550, payable $275 October 1, 1897, and $275 February 1, 1898, for rent of premises described. The constable made his return showing a distraint upon seventy-five acres of corn and all oats and hay raised on the farm, and filed the warrant and inventory in the office of the clerk of the County Court, and summons was issued thereon against appellee. Within ten days thereafter appellee filed his schedule under the exemption law, showing all his personal property except the crops to be mortgaged for its full value. On September 2, 1897, appellee filed his written motion to dismiss the suit for want of cause to issue the distress warrant and because the proceedings were unjust and oppressive. The motion was overruled. Appellee then filed his demurrer to the distress warrant. On January 4, 1898, the case being called for

trial appellee withdrew his demurrer, and thereupon appellant, by leave of court, amended her distress warrant so as to contain an allegation as follows: " This distress warrant is issued for the reason, and upon the following grounds: that the said tenant, O. P. Wood, has, without consent of his landlord, Mary Hopkins, sold and removed, and permitted to be removed from said demised premises, a large portion of the crops grown thereupon and raised thereon, to such an extent as to endanger the lien of the said landlord upon such crops for the rent agreed to be paid; and for the further reason that said tenant is about to remove from the demised premises such part or portion of the crops raised thereon as shall endanger the lien of the said landlord upon such crops for the rent agreed to be paid." To this amended distress warrant the defendant interposed the following plea: "And the defendant, by Cassam and Kennedy, his attorneys, comes and defends the wrong and injury when, etc., and says that he was not indebted in manner and form as the plaintiff has above thereof complained against him; and the defendant further says that he had not sold or removed, nor was he about to sell or remove, or permit to be removed, without the consent of the plaintiff, from the demised premises mentioned in said distress warrant, such part or portion of the crops raised thereon as would endanger the lien of the plaintiff upon such crops, for the rent agreed to be paid by the defendant to the plaintiff, in manner and form as the plaintiff has above thereof complained against him, and of this he puts himself upon the country," etc.

Thereupon appellant entered her motion to strike the plea from the files, but the motion was overruled and appellant excepted. The trial of the cause was then proceeded with, and after the appellant had concluded her testimony, appellee was granted leave, over appellant's objection, to amend his plea, by adding a verification, and the plea as so verified was refiled in the cause. Appellant then renewed her motion to strike the plea from the files, which was overruled and the appellant again excepted. This ruling of

the court is assigned for error.    The contention is that this was a plea in abatement and should have been stricken from the files for want of a verification, and that it was error to allow the amendment.    We do not regard the plea as strictly a plea in abatement, but a traverse merely of the warrant, and it was not error to refuse to strike it from the files, nor to allow the amendment.

The case having been submitted to the jury they returned a verdict in favor of appellee.    The court overruled a motion for new trial and entered judgment on the verdict, having overruled a motion of appellant to render a judgment in her favor *non obstante veredicto*.

During the trial appellant offered evidence to show that appellee was feeding or about to feed the crops grown on the premises to his stock, to such an extent as to endanger the lien of appellant thereon for her rent, but the court refused to admit the evidence.    We think this was error. The tenant has no more right to feed the crops to stock, and thus endanger the lien of his landlord, then he has to otherwise dispose of them to the landlord's injury.

We think the evidence should have been admitted, enabling the landlord to show if he could, a justification for issuing the distress warrant before the rent was due by the terms of the lease.    The statute gives a right to distrain for rent not yet due, where the tenant shall " without the consent of the landlord sell or remove, or permit to be removed, or be about to sell and remove, or permit to be removed from the demised premises, such part or portion of the crops raised thereon as shall endanger the lien of the landlord upon such crops for the rent agreed to be paid."    Hurd's Rev. Stat. 1897, p. 1025, par. 34.

Feeding crops to stock, so as to place them beyond the reach of the landlord's lien, we regard as a removal within the spirit and meaning of the statute.    This holding is in harmony with the views we expressed in Mathews v. Granger, 66 Ill. App. 121.

We are also of opinion that the court erred in giving the sixth instruction for appellee.    It was as follows:  " The

court instructs the jury that if you believe from the evidence in this case that the two loads of hay in question were sold and removed from the demised premises by the defendant, with the consent of the plaintiff, then, in such case, this distress proceeding is unlawful, and your verdict should be for the defendant." This instruction ignored all other questions, except the consent of appellant to the sale of the two loads of hay. Under the views above expressed appellant might have had the right to distrain for rent not yet due, even though she had consented to the sale of the two loads of hay.

These errors were material and no doubt influenced the jury in finding a verdict against appellant, and the judgment must therefore be reversed and the cause remanded.